**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-40074
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DENNIS RAY SMITH,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(4:90-CR-28)

September 14, 1995

Before THORNBERRY, DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

   Appellant Dennis Ray Smith appeals the denial of his Motion to Reduce Term of

Judgment.  18 U.S.C. § 3582(c)(2).  We affirm.


Background


---

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

In 1988 officers searched Smith's residence, located in rural Denton County, Texas, and found evidence of the recent manufacture of amphetamine. A week later, a search of the adjacent property revealed 1.99 kilograms of amphetamine, a disassembled laboratory, and chemicals capable of producing nine kilograms of amphetamine. In 1991 Smith, along with codefendant Gerald Dixon Lewis, was convicted by a jury of possession with intent to distribute two pounds of amphetamine. The district court assessed punishment at 168 months confinement, five years supervised release, a $5,000 fine, and a mandatory special assessment of $50.00. This Court affirmed the conviction and sentence. United States v. Lewis, No. 91-4356 (5th Cir. March 26, 1992).

In his motion Smith argued that the 1993 version of U.S.S.G. § 2D1.1 should be applied to recalculate his base offense level, which would result in a shorter sentence. He claimed that the district court should have excluded the 1.99 kilograms, and contended the nine kilogram quantity was improperly calculated. He further argued the application of the 1990 Guidelines constituted an *ex post facto* violation because the 1987 version, in effect at the time the offense was committed, did not include Application Note 12 of § 2D1.1.

The district court rejected these contentions, holding there was no *ex post facto* violation because, notwithstanding Application Note 12, the 1987 version of the Guidelines would not have prohibited the court from making a reasonable approximation of the substance involved in the offense. The court found that there were no retroactive amendments to the Guidelines which would support a redetermination of Smith's sentence.

Discussion

Smith argues on appeal that the district court erred in denying his motion because amendments to the 1993 Guidelines apply retroactively and that the quantity of drugs used to calculate his base offense level of 32 is incorrect. He contends that the 1.99 kilograms

2

of amphetamines seized were not in usable form and the nine kilograms of potential production was an erroneous calculation derived from laboratory reports.

Application of § 3582(c)(2) is discretionary, United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994), and findings of fact made during a § 3582(c)(2) proceeding are reviewed under the clearly erroneous standard. United States v. Mimms, 43 F.3d 217, 220 (5th Cir. 1995). Reduction of a sentence is allowed if the defendant's term of imprisonment was based on a guideline range which was subsequently lowered, and if such a reduction would be consistent with applicable policy statements and guidelines. *Id.* at 219.

Smith is correct that the 1993 amendments to § 2D1.1 operate retroactively. U.S.S.G. § 1B1.10 (policy statement). In 1993 § 2D1.1(c) was amended to exclude from calculation of drug quantities "materials that must be separated from the controlled substance before the controlled substance can be used." Mimms, 43 F.3d at 220; § 2D1.1(c), comment (n.1) (1993).

However, Smith's argument that the drug amount was miscalculated must fail. There is evidence in the record supporting the quantities of substances used to calculate Smith's base offense level of 32. Drug Enforcement Agency chemist Leo Pulte testified at trial that the amount of amphetamine found that could actually be weighed was 1.99 kilograms. Even though the substance had not yet been converted to a powder form, Pulte stated that the dark solids and brown liquids he collected were amphetamine. He also estimated the laboratory equipment had the capacity to produce three kilograms, and there were sufficient chemicals to produce nine kilograms.

Pulte's testimony, the Presentence Report ("PSR"), and this Court in its opinion affirming Smith's conviction, established that the 1.99 kilogram substance was amphetamine. However, it is not necessary to determine whether it was properly included because, in denying Smith's motion, the district court considered only the nine kilograms

3

of production capacity.  Therefore, the 1.99 kilograms' inclusion in the base level calculation is not important to this appeal.

Smith's contention that the nine kilograms was miscalculated is equally unavailing. In determining whether a defendant is eligible for a reduction under § 3582(c)(2), the court should consider the sentence that it would have originally imposed had the guidelines, as amended, been in effect at that time.  Shaw, 30 F.3d at 28; § 1B1.10(b).  Under the 1993 guidelines the comment under note 12 of § 2D1.1 provides that if "the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance."  The court may consider, *inter alia*, the size or capability of any laboratory involved.

Accordingly, if the 1.99 kilograms of unfinished amphetamine were omitted, the base offense level should be calculated on a total amount of nine kilograms, the production capacity of the chemicals present.  The base offense level for at least five but less than fifteen kilograms of amphetamine is 32.  § 2D1.1(c)(6).  Thus, the base offense level for the nine kilograms which were capable of being produced is the same under the 1990 and 1993 versions of the Guidelines, and the guideline range remains unchanged. Consequently, the district court's denial of Smith's motion to reduce the term of his imprisonment was not clearly erroneous.

Smith's *ex post facto* complaint is not properly raised in a § 3582(c)(2) motion. *See* Shaw, 30 F.3d at 29.  Smith is not seeking retroactive application of a subsequently lowered guideline range, but is attempting to relitigate an issue not raised at sentencing. Since § 3582(c)(2) applies only to retroactive guideline amendments, the issue is not cognizable.  *Ibid.*

## Conclusion

4

The district court's denial of Smith's motion to reduce his sentence was not clearly erroneous. Therefore, the judgment is

AFFIRMED.